UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID MICHAEL McELMURRY,<br><br>    Defendant. | Case No. 16cr2171-JAH<br><br>PRELIMINARY ORDER<br>OF CRIMINAL FORFEITURE |

WHEREAS, in the Plea Agreement and Forfeiture Addendum in the above-captioned case, the parties agreed to forfeiture to the United States of all property of Defendant DAVID MICHAEL McELMURRY ("Defendant"), that constituted visual depictions as described in 18 U.S.C. § 2256, all property constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense set forth in Count 4 of the Indictment which charged a violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and forfeitable pursuant to 18 U.S.C. § 2253(a), as charged in the Indictment; and

WHEREAS, on or about September 19, 2018, the Defendant pled guilty before this Court to Count 4 of the Indictment, which plea included consent to the forfeiture of all property seized in connection with the case, including forfeiture of all visual depictions as described in § 2252, all property constituting proceeds of the offense, and all property used

//

or intended to be used to commit or to promote the commission of the offense, including forfeiture of the following:

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct; and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offense, including:

a) Dell Inspiron 620s desktop computer, Model D06D, Serial No. 8TV8YR1;
b) Western Digital 2TB My Passport Ultra hard drive, Serial No. WXW1E158JW9X;
c) Toshiba Satellite laptop, Serial No. 8F078842C;
d) Western Digital My Book 4TB USB3 external drive, Serial No. WCC4E3KUFAN;
e) Attache 128MB USB thumb drive, Serial No. 074A1C2B02D5; and
f) Linksys blue wireless router, Serial No. 13J10603400967; and

WHEREAS, the United States has determined that there were no computer images depicting minors engaging in sexually explicit conduct on the Dell Inspiron 620s desktop computer, Model D06D, Serial No. 8TV8YR1 and, the Defendant through his counsel has requested that it be returned to Defendant's mother, Carol McElmurry; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offense to which the Defendant has entered his guilty plea; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 2253, and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the agreement of the parties entered into after the Plea Agreement and after the entry of Defendant's guilty plea, the Dell Inspiron 620s desktop computer, Model D06D, Serial No. 8TV8YR1, is hereby ordered released by the FBI to Carol McElmurry in an "as is" condition.

2. Based upon the guilty plea of the Defendant and pursuant to 18 U.S.C. § 2253, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant DAVID MICHAEL McELMURRY in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct; and

   (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offense, including:

   a) Western Digital 2TB My Passport Ultra hard drive, Serial No. WXW1E158JW9X;
   b) Toshiba Satellite laptop, Serial No. 8F078842C;
   c) Western Digital My Book 4TB USB3 external drive, Serial No. WCC4E3KUFAN;
   d) Attache 128MB USB thumb drive, Serial No. 074A1C2B02D5; and
   e) Linksys blue wireless router, Serial No. 13J10603400967.

3. The aforementioned forfeited assets are to be held by the FBI in its secure custody and control.

4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: October 10, 2018

Hon. JOHN A. HOUSTON
United States District Court

4

16cr2171